[Cite as *State v. Ceron*, 2014-Ohio-5691.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101260

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MAURICIO CERON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-566692-A

**BEFORE:** Stewart, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**ATTORNEY FOR APPELLANT**

Terry H. Gilbert
Friedman & Gilbert
55 Public Square, Suite 1055
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1}    Petitioner-appellant Mauricio Ceron requested that this appeal be placed on this court's accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. By doing so, he has agreed that we may render a decision in "brief and conclusionary form" consistent with App.R. 11.1(E).

{¶2}    A jury found Ceron guilty of rape, kidnapping, and gross sexual imposition on evidence that he digitially penetrated his victim who was five years old at the time of the offense, and six years old at the time of trial. This court affirmed the conviction on direct appeal. *State v. Ceron*, 8th Dist. Cuyahoga No. 99388, 2013-Ohio-5241. Ceron filed a petition for postconviction relief in which he challenged the effectiveness of defense counsel at trial alleging three grounds: counsel failed to adequately challenge the victim's competency to testify at trial; counsel failed to raise evidence that would have challenged the credibility of the victim and impeached other prosecution witnesses; and counsel failed to offer a defense expert to counter or challenge DNA evidence. The court rejected all three grounds without a hearing, finding that questions intended to impeach the victim were barred by the rape shield statute and that other decisions by counsel were matters of strategy that the court would not question.

{¶3}    In four assignments of error, Ceron argues that the trial court erred by: 1) failing to conduct a hearing; 2) applying Ohio's Rape Shield statute to certain evidence; 3) failing to rule on challenges to DNA evidence; and 4) finding that Ceron did not receive ineffective assistance of counsel. We will address the assigned errors out of order for ease of discussion.

I

**{¶4}** The court did not err by refusing to grant a new trial on grounds that defense counsel performed ineffectively during the competency hearing for the six-year-old witness/victim. Some of Ceron's complaints were so general in nature that they fall within the broad realm of strategic decisions; for example, that defense counsel did not further question the victim after she admitted that she has lied before and sometimes finds it fun to do so. *See State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980). The "lie" that the victim referred to was telling her parents that she cleaned her room when she did not. Although she claimed that she was not punished if she told a lie, she later admitted that she had been punished by her parents for not telling the truth in another situation. That statement would have supported the court's conclusion that the victim could, at the time of the competency hearing, understand that not telling the truth had consequences.

**{¶5}** Ceron's more forceful argument is that defense counsel should have questioned the victim in a pretrial competency voir dire regarding what he claims was a false accusation, made before trial, in which the victim said she saw her mother kissing her aunt's boyfriend. The aunt filed an affidavit claiming that she told Ceron's attorneys prior to trial that the victim lied about the accusation and admitted making that story up because she wanted to see if her aunt "got jealous." One specific instance of the victim telling a lie was not probative of her ability to understand the need to tell the truth in trial testimony, at least insofar as the court was determining the victim's competency to be a witness. In addition, the court made it clear to the parties that it did not wish to "get into the testimony here today. I just want to ask if [the victim] is competent to testify." Tr. 27. Defense counsel did not violate any essential duties by obeying the court's directive and choosing not to engage in specific instances of impeachment during a competency voir dire.

## II

{¶6} Ceron next argues that defense counsel was ineffective for failing to raise the false-accusation issue during cross-examination of the victim, choosing instead to raise it during questioning of the aunt (the court apparently disallowed that line of questioning under Evid.R. 608(B)). Although Ceron could have questioned the victim directly about the aunt's allegations, defense counsel may have been reticent to do so. Jurors could easily be put off by aggressive questioning of the child victim of a sexual assault, so defense counsel must necessarily make the strategic decision on how to proceed. *See State v. Hampu*, 8th Dist. Cuyahoga No. 70076, 1996 Ohio App. LEXIS 5747, *6 (Dec. 19, 1996). In reaching this conclusion, we reject Ceron's assertion that defense counsel appeared unaware that he could directly ask the victim about the aunt's allegations. Not only does that assertion have no basis in the record, it ignores the reality that defense counsel may have been aware that aggressive questioning about an incident that the child may not even recall would come across to the jury as bullying the child witness.

{¶7} In addition to the allegation that the victim lied about seeing her mother kissing the aunt's boyfriend, the aunt alleged in her affidavit that the victim had "exhibited knowledge of sexual activity in front of me on a number of occasions. She behaves in ways that are not normal for such a young child." This allegation was supported by affidavits from two other relatives who, collectively claimed to see the victim "dirty dancing," said that the victim "is familiar with oral sex," "would ask at times if a man 'has a big pee-pee,'" and was allowed to carry tampons and a "vibrating massager that fits over a finger." Ceron argues that this evidence, which he characterizes as demonstrating that the victim is "sexually precocious," showed that she was not innocent about sexual matters. He maintains that defense counsel should have questioned her on these points to dull the sharp edge of her "harrowing" testimony

of sexual assault and that the court erred by rejecting them on grounds that they would have been barred under R.C. 2907.02(D), the Rape Shield Statute.

{¶8} As relevant to this appeal, R.C. 2907.02(D) applies to "[e]vidence of specific instances of the victim's sexual activity[.]" Nothing in the affidavits alleged any "sexual activity" by the victim as defined by R.C. 2907.01(C) ("'[s]exual activity' means sexual conduct or sexual contact, or both"), so the court erred by finding the allegations barred by the Rape Shield Statute.

{¶9} Nevertheless, the court also found that Ceron offered the allegations by the relatives for the sole purpose of "impugning the credibility and character of the victim * * *." As with instances of the victim lying, defense counsel may well have been reluctant to air such lurid accusations about a six-year-old child and risk a backlash from the jury. Again, this falls within the broad category of strategic decisions that cannot be second-guessed on appeal.

III

{¶10} The final set of arguments offered by Ceron in support of his petition for postconviction relief are that defense counsel failed to engage in a competent cross-examination of the state's DNA expert and failed to offer a defense expert to undercut the state's "weak" DNA evidence.

{¶11} All of the points Ceron now raises as grounds for finding counsel ineffective could have been raised on direct appeal, so they are res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The affidavit of an expert in DNA testing, appended to the petition for postconviction relief, consistently characterizes the state's DNA expert as giving "misleading" answers in response to questions about whether Ceron's DNA was found in the victim. In addition, Ceron's expert claims that the state's expert gave

testimony that contradicted her own testing conclusions. These faults, as attested to by Ceron's expert, could have been brought out on cross-examination, and should have been raised on appeal ("the defense did not raise any proper issues in their cross-examination and prosecutor misled the [jury] by his improper questions, during Direct and Re-direct.") Tahir Aff. at 2.

IV

{¶12} A petition for postconviction relief may be dismissed without a hearing when the petitioner fails to set forth sufficient grounds for relief or the operation of the doctrine of res judicata bars the constitutional claims raised. *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999), paragraph two of the syllabus. Because Ceron's arguments in support of his petition for postconviction relief failed to overcome the presumption that defense counsel employed sound trial strategy, we find the court did not err by failing to hold a hearing.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
LARRY A. JONES, SR., P.J., DISSENTS (WITH SEPARATE OPINION ATTACHED)


LARRY A. JONES, SR., P.J.:

**{¶14}** I dissented in the decision relating to the direct appeal in this case and stated that I would have reversed and remanded for a new trial because, in my view, the admission of improper other-acts evidence was not harmless error. *State v. Ceron*, 8th Dist. Cuyahoga No. 99388, 2013-Ohio-5241, ¶ 126-130 (Jones, J., dissenting). In light of that dissent, I again dissent in this appeal and continue to maintain my position that the admission of improper other-acts evidence was not harmless error.